IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:22-CV-00264-KDB

| | |
|---|---|
| **BOBBY DARRICK JONES,** **Plaintiff,** v. **KILOLO KIJAKAZI, Acting Commissioner of Social Security,** **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Bobby Darrick Jones' Complaint, (Doc. No. 1), Plaintiff's Brief in Support of Remand, (Doc. No. 9), and Defendant's Brief in Opposition to Remand (Doc. No. 12). Mr. Jones, through counsel, seeks judicial review of an unfavorable administrative decision denying his application for disability insurance benefits and supplemental security income under the Social Security Act.

Having reviewed the parties' briefs, the administrative record, and the applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's judicial appeal of the Commissioner's decision is **DENIED**, and the decision is **AFFIRMED**.

## I. BACKGROUND

On April 8, 2015, Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, alleging that he had been disabled since November 24, 2014. (Tr. 15). Plaintiff's application was denied on its first review and upon reconsideration. (Tr. 15). After conducting a hearing, the Administrative Law judge denied Plaintiff's application in a decision dated November 16, 2018. (Tr. 1184). The Appeals

1

Council denied Plaintiff's request for review and thus the ALJ's decision, at the time, was the final decision of the Commissioner. (Tr. 1141). The district court affirmed the decision of the Commissioner. (Tr. 1193). However, Plaintiff appealed and the Fourth Circuit reversed the district court's affirmance. *Id*. On remand from the Fourth Circuit, the district court reversed the decision of the Commissioner and remanded under Sentence Four of § 405(g). (Tr. 1250). On remand, Administrative Law judge Angela Saindon denied Plaintiff's application in a decision dated April 18, 2022. (Tr. 1094). The Appeals Council denied Plaintiff's request for review and thus the more recent ALJ's decision now stands as the final decision of the Commissioner. (Tr. 1063). Plaintiff timely seeks judicial review of that decision under 42 U.S.C § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration ("SSA") to determine whether Mr. Jones was disabled under the law during the relevant period.[1] At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571, et seq., and 416.971, et seq) and at step two that he had the following severe impairments: status post thoracic spine osteomyelitis, cervical spine degenerative disc disease, lumbar spondylosis, and mild intellectual disability (20 CFR 404.1520(c) and 416.920(c)). (Tr. 1080). At step three, the ALJ found that none

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but at step five the Commissioner must prove the claimant can perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

of Plaintiff's impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 1080).

Before proceeding to step four, the ALJ determined that Mr. Jones had the following residual functional capacity ("RFC"):

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can never climb ropes, ladders, or scaffolds; can frequently balance; and can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. The claimant can have occasional exposure to extreme cold, heat, and vibration, and can have no exposure to unprotected heights or dangerous, moving machinery. The claimant can understand and remember simple work-related instructions; and can maintain concentration, persistence, and pace to carryout simple work-related instructions for 2 hours at a time, over a normal workday, with customary breaks. The claimant can adapt to occasional, routine, workplace changes.

(Tr. 1083). At step four, the ALJ found that Plaintiff was unable perform his past relevant work as a hand sander and machine feeder. (Tr. 1092).

At step five, however, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform based on his age, education, work experience, and RFC. (Tr. 1092). These jobs include gauger, weight tester, and final assembler (Tr. 1093). Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act from November 24, 2014, through the date of her decision. (Tr. 1094).

### III. LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The

agency's factual findings on that score are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, ⸺ U.S. ⸺, 139 S. Ct. 1148, 1151-52, 203 L.Ed.2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Id.* at 1154 (internal quotation marks and alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[2] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted). Accordingly, this Court does not review a final decision of the Commissioner *de novo, Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Shinaberry*, 952 F.3d at 120 (internal citations omitted); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

---

[2] As the Fourth Circuit has noted, "[s]tandards are easy to recite, but harder to apply. Part of that difficulty ... lies with confusing terminology like 'a scintilla of evidence.' After all, what in the world is a 'scintilla?' ... [D]ating back to the nineteenth century, courts have struggled with the 'distinction between what is a scintilla' and what is not. *Boing v. Raleigh & G.R. Co.*, 87 N.C. 360 (N.C. 1882) (remarking that the distinction 'is so narrow that it is often very difficult for a court to decide upon which side of the line' evidence falls). Recognizing this difficulty, current South Carolina Supreme Court Justice John C. Few once remarked, in jest, that 'scintilla is Latin for "whatever a judge wants it to mean." ' ... To overcome the vagaries inherent in the term 'scintilla,' courts should not only recite our well-settled standards ... but also actively engage with the [relevant underlying evidence] in analyzing the arguments of the parties." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756 (4th Cir. 2021).

4

Thus, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. *Id*. (internal quotation marks omitted); *Shinaberry*, 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, notwithstanding this limited standard of review of the Commissioner's factual determinations, in all cases the Court must always ensure that proper legal standards are being followed.

### IV. DISCUSSION

Plaintiff raises two challenges to the ALJ's conclusion that he is not disabled. First, Plaintiff contends that the ALJ erred in her failure to provide a credibility analysis of Plaintiff's subjective complaints. Doc. No. 9 at 4-5. Second, Plaintiff argues the ALJ failed to properly evaluate the medical opinions of record. *Id.* at 6. The Court will address each argument in turn.

At the center of Plaintiff's contentions lies the requirement that an ALJ must show their work. *See Patterson v. Commissioner*, 846 F.3d 656, 663 (4th Cir. 2017). In other words, the ALJ must provide an analysis that makes the decision reviewable. *Id*. As to the first argument, in evaluating the credibility of Plaintiff's subjective complaints, the ALJ will consider medical history, laboratory findings, treatment history, and reported daily activities. *See* 20 C.F.R. §§

5

404.1529(c), 416.929(c). The ALJ's decision must contain "specific reasons for the finding on credibility, . . . and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

Here, the ALJ discounted Plaintiff's subjective complaints in determining the intensity and persistence of the alleged symptoms. (Tr. 1092). The ALJ provided an extensive recounting of no less than ten different medical examinations based on both subjective complaints and objective medical evidence, the weight attributed to each examination, and the reasoning for each weight assessment. (Tr. 1083-90). Additionally, the ALJ provided a thorough listing of Plaintiff's daily activities, including driving a car, managing medication and finances, mowing the lawn, doing laundry and other household chores, and shopping for food, despite Plaintiff's complaints of serious disabling symptoms. (Tr. 1090-92). From this review of the medical evidence and daily activities the ALJ concluded Plaintiff's statements about intensity and persistence were not entirely consistent with evidence in the record, and in turn found that subjective complaints of excruciating pain and shortened duration relating to mowing the grass and performing household chores should be afforded little weight. (Tr. 1083-90, 1092). Accordingly, the Court finds that the ALJ sufficiently made clear her reasoning and determination in the credibility analysis of Plaintiff's subjective complaints (on which, again, the Court does not make its own findings on the merits in its "appellate" role).

Turning to Plaintiff's second argument, the ALJ is tasked with evaluating the presented medical evidence to determine the appropriate RFC. 20 C.F.R. § 404.1527. As guidance when evaluating medical evidence, the Fourth Circuit has held that if a "physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be

accorded significantly less weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Again, in making such an assessment, the ALJ must show her work. *Patterson*, 846 F.3d at 663.

Here, in evaluating the medical evidence the ALJ afforded eight of the doctors' opinions partial weight and two no weight. The framework of the ALJ's analysis of each opinion is the same. First, the ALJ describes the medical findings or diagnosis, followed by a description of the medical tests or complaints that led to that specific finding. The ALJ then describes the weight attributed to the medical opinion and the reasons for the attribution. For example, in attributing partial weight to Dr. Reddy and Dr. Noles, the ALJ engaged in a lengthy discussion about the conflict between the medical evidence of record and the actions by claimant's medical providers relating to formal mental health treatment. (Tr. 1088-89). In so doing, the ALJ consistently provided evidence and reasoning for her assignment of weight to the different medical evidence. Thus, the Court finds that the ALJ sufficiently evaluated the medical evidence in her determination of the RFC.

In sum, the Court concludes that the ALJ applied the correct legal standards and her conclusion that Plaintiff was not disabled is supported by substantial evidence. Therefore, the ALJ's decision will be affirmed.

## V. ORDER

**NOW THEREFORE IT IS ORDERED** that the Commissioner's decision is **AFFIRMED** and Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED**.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: July 26, 2023

Kenneth D. Bell
United States District Judge